UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

BELINDA SANDERS                              CIVIL ACTION NO. 6:16-cv-00567

VERSUS                                       JUDGE DOHERTY

FAMILY DOLLAR STORES OF                      MAGISTRATE JUDGE HANNA
LOUISIANA, INC.

## <u>REPORT  AND  RECOMMENDATION</u>

Pending before this Court is the motion to remand (Rec. Doc. 6), which was filed by the plaintiff, Belinda Sanders.  The motion is opposed.  (Rec. Doc. 8).  The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  For the following reasons, it is recommended that the motion be denied.

### <u>BACKGROUND</u>

The plaintiff alleges that, on January 26, 2015, she was injured in a slip-and-fall accident at a Family Dollar store in New Iberia, Louisiana.  The plaintiff filed suit in the 16th Judicial District Court, Iberia Parish, Louisiana.  The defendant, Family Dollar Stores of Louisiana, Inc., then removed the action to this court under 28 U.S.C. § 1332, alleging that the parties are citizens of different states and the amount in controversy exceeds the jurisdictional threshold.  The plaintiff responded with the instant motion to remand.

## ANALYSIS

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[1]  Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[2] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[3]  The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[4]  Therefore, when an action is removed from state court, the removing party bears the burden of proving that federal jurisdiction exists.[5]  In this case, the defendant must bear that burden.

### A.    DIVERSITY OF CITIZENSHIP

The plaintiff does not argue in her motion to remand that the parties are not diverse in citizenship.  Indeed, she cannot.  In her complaint, the plaintiff alleged that she is a Louisiana resident.  The citizenship of a natural person is determined by the

---

[1]    *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010).

[2]    28 U.S.C. § 1331.

[3]    28 U.S.C. § 1332.

[4]    *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[5]    *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995).

state in which she is domiciled, and domicile is a combination of both a person's residence and her intent to remain there permanently.[6]  Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[7]  Evidence of a person's place of residence, however, is *prima facie* proof of his domicile.[8]  The plaintiff did not challenge the removal on the basis of the diversity of the parties' citizenship.  Therefore, this Court finds that the plaintiff is a Louisiana citizen.

In its removal notice, the defendant alleged that it was incorporated in the State of Virginia and has its principal place of business in Virginia.  These allegations were sufficient for the removal notice and were not challenged in the plaintiff's motion to remand.  Accordingly, this Court finds that the defendant is a Virginia citizen.  Because the parties are citizens of different states, this Court finds that the first requirement for jurisdiction is satisfied.

## B.   THE AMOUNT IN CONTROVERSY

What the plaintiff did challenge in her motion to remand is the defendant's contention that the amount in controversy exceeds the jurisdictional minimum.  The

---

[6]     *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[7]     *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

[8]     *Hollinger v. Home State*, 654 F.3d at 571.

amount in controversy is the sum claimed by the plaintiff in his complaint if the claim was apparently made in good faith.[9]  To justify remand, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."[10]  When the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.[11]  This burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount.[12]  "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled.  The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional amount]."[13]  Thus, the district court must first examine the complaint to determine whether it is facially

---

[9]        *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253; *De Aguilar v. Boeing Co.*, 47 F.3d at 1408; *Nat'l Union Fire Ins. Co. of Pittsburgh v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992).

[10]       *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253, quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

[11]       *Simon v. Wal–Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[12]       *Simon v. Wal–Mart Stores*, 193 F.3d at 850; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[13]       *De Aguilar v. Boeing*, 47 F.3d at 1412 (emphasis in original).

-4-

apparent that the plaintiff's claims exceed the jurisdictional threshold; if it is not facially apparent, the court may then rely on summary-judgment-type evidence to ascertain the amount in controversy.[14]  Any doubts as to the propriety of removal should be construed strictly in favor of remand.[15]

In Louisiana, plaintiffs are not permitted to plead a specific dollar amount of damages.[16]  Therefore, the petition filed in this lawsuit does not request recovery of a specific amount.  This Court further finds that the amount in controversy is not apparent from the face of the plaintiff's petition.  The petition alleges that the plaintiff "suffered serious personal injuries as a result of the fall." (Rec. Doc. 1-2 at 2).  It also alleges that she "suffered physical injuries consisting of, but not limited to, injuries to muscles and ligaments and tendons of the cervical, thoracic and lumbar spine, as well as injuries to the head, neck and upper and lower extremities." (Rec. Doc. 1-2 at 3).  The plaintiff alleged that she incurred medical expenses (Rec. Doc. 1-2 at 4) but did not specify the cost of her past medical treatment or estimate the cost of any

---

[14]      *Luckett v. Delta Airlines*, 171 F.3d at 298; *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[15]      *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d at 723.

[16]      Louisiana Code of Civil Procedure Article 893(A)(1).  See, also, *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 388 (5th Cir. 2009).

future medical treatment that she might need.  She also mentioned pain and suffering (Rec. Doc. 1-2 at 3) but did not quantify her alleged damages in that regard.

The allegations concerning the plaintiff's injuries are vague and lacking in specificity, and neither the petition nor the removal notice explains the true nature and extent of her injuries.  Similarly, neither the petition nor the removal notice details the cost of any medical treatment the plaintiff has already undergone or the cost of any likely future medical treatment.

The plaintiff's petition contains an indication that the amount in controversy might be less than the jurisdictional minimum.  In her petition, the plaintiff did not request a trial by jury.  Had such a request been included, this would have indicated that the amount in controversy was at least $50,000 since, under Louisiana law, trial by jury in a civil case requires an amount in controversy of at least $50,000.[17]  The failure to request a jury trial might be an indication that the amount in controversy falls below the necessary threshold.[18]

The plaintiff's petition also contains an indication that the amount in controversy might exceed the jurisdictional minimum because the plaintiff failed to

---

[17]     Louisiana Code of Civil Procedure Article 1732(1).

[18]     *Trahan v. Drury Hotels Co., LLC*, No. 11-521, 2011 WL 2470982, at *4 (E.D. La. June 20,2011), citing *Corkern v. Outback Steakhouse of Fla., Inc*., No. 05-5487, 2006 WL 285994, at *4 (E.D. La. Feb. 6, 2006).

include in her petition the allegation required by state statute concerning federal-court jurisdiction.  Louisiana Code of Civil Procedure Article 893(A)(1) states that "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required."  No such allegation is set forth in the plaintiff's petition.  But, despite the mandatory wording of the statute, a plaintiff's failure to include such an allegation is a factor to be considered in evaluating the amount in controversy but is insufficient, standing alone, to establish that the amount in controversy exceeds the federal-court jurisdictional threshold.[19] As one court explained, "mere silence in a petition can not create federal jurisdiction. If parties may not create subject matter jurisdiction by express agreement or stipulation, which is well settled, then the mere inaction of the plaintiff (though perhaps in contradiction of a state procedural law) can not give rise to presumptive federal jurisdiction or satisfy the removing defendant's burden."[20]

> The Fifth Circuit has not directly addressed whether the failure to include an Article 893 allegation in a petition is a factor to be considered for purposes of or is dispositive

[19]      See, e.g., *In re 1994 Exxon Chemical Fire*, 558 F.3d at 388; *Lecoq v. Great West Cas. Co.*, No. 11-626-BAJ-SCR, 2011 WL 6936413, at *3 (M.D. La. Nov. 15, 2011), report and recommendation adopted, 2011 WL 6941392 (M.D. La. Dec. 31, 2011).

[20]      *Lilly v. Big E Drilling Co.*, No. 07-1099, 2007 WL 2407254, at *2 (W.D. La. Aug. 20, 2007).

> of the amount in controversy, but has held that an amount in controversy allegation under Article 893 can be defeated by a showing by the defendant that the jurisdictional amount is satisfied.  Notably, all three district courts within Louisiana have addressed the issue, and for the most part consistently recognize "that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy," but that this omission is entitled to some consideration in the jurisdictional amount inquiry.[21]

Thus, the plaintiff's petition contains both an indication that the amount in controversy might be less than the requisite amount (the lack of a jury demand) and an indication that the amount in controversy might be more (the lack of an allegation that the claim is less than the jurisdictional minimum).  Combining these indications with the vague allegations concerning the nature and extent of the plaintiff's injuries and the plaintiff's failure to quantify any of her damages, this Court concludes that it is not facially apparent that the amount in controversy exceeds the jurisdictional threshold.

Because this Court has found that the amount in controversy is not facially apparent, the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold by setting forth

---

[21]     *Trahan v. Drury Hotels*,  2011 WL 2470982, at *4.

relevant facts supported by summary-judgment-type evidence.[22]   Fed. R. Civ. P. 56(c)(1)(A) states that a party may support factual assertions in the context of summary judgment by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . . ."  The jurisprudence is consistent, holding that post-removal discovery responses are sufficient to prove the requisite amount in controversy.[23]

In this case, the defendant supported its removal notice with the plaintiff's response to requests for admission.  The plaintiff responded to discovery propounded by the defendant by admitting that "[t]he good faith amount in dispute between plaintiff and defendant exceeds $75,000.00, exclusive of interests and costs."  (Rec. Doc. 1-4 at 1).

In support of her motion to remand, the plaintiff suggested that her admission concerning the amount in controversy was insufficient to prove the amount in controversy, arguing that it was simply "one piece of evidence for the Court to

---

[22]     *Simon v. Wal-Mart Stores*, 193 F.3d at 850; *Luckett v. Delta Airlines, Inc.*, 171 F.3d at  298; *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[23]     See, e.g., *Cook v. Wabash Nat. Trailer Centers, Inc.*, No. 03-0955, 2003 WL 21488125, at *2 (E.D. La. June 20, 2003); *Nelson v. Nationwide Mutual Ins. Co.*, 192 F.Supp.2d 617, 620 (E.D. La. 2001).

consider." (Rec. Doc. 6 at 2). This Court finds, however, that in presenting this admission in support of its remand notice, the defendant has satisfied its burden of establishing, by a preponderance of the evidence, that the amount in controversy requirement is satisfied. When a defendant in a Louisiana suit produces evidence sufficient to constitute a preponderance, showing that the amount in controversy actually exceeds the   jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.[24] The plaintiff in this case has made no such showing. As the court said in a similar case, the "plaintiff admits in her memorandum that the amount in controversy exceeds $75,000. Defendant need not say more."[25]

## CONCLUSION

Having found that the parties to this lawsuit are diverse in citizenship and having found that the defendant, Family Dollar Stores of Louisiana, Inc., has proven by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold, this Court recommends that the plaintiff's motion to remand be denied.

---

[24]     *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 869 (5th Cir. 2002).

[25]     *Hardy v. Corina*, No. 00-0718, 2000 WL 713154, at *1 (E.D. La. June 1,2000).

-10-

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on June 20, 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

-11-